Bruce S. Asay
Greg B. Asay
Associated Legal Group, LLC
1807 Capitol Avenue, Suite 203
Cheyenne  WY  82001
Telephone:  (307) 632-2888
Facsimile:  (307) 632-2828

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

|  |  |
|---|---|
| KENNETH L. MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civ. No. 16-cv-61 ~J |
| v. | ) |
| | ) |
| AMERICAN COLLOID COMPANY, | ) |
| a Delaware Company, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

The Plaintiff, Kenneth L. Mitchell, by and through his undersigned counsel, Associated Legal Group, LLC, for his Complaint against Defendant, American Colloid Company, a Delaware company (hereinafter "ACC" or "Defendant") states and alleges as follows.

### INTRODUCTION

1.     This is an action brought by the Plaintiff against the Defendant for violations of the Age Discrimination Act of 1967 as amended, the Americans with Disabilities Acts as amended and certain state law claims.  The Plaintiff brings this action for compensatory and punitive damages as well as attorney's fees.

1

**PARTIES**

2.      Kenneth L. (Kenny) Mitchell ("Plaintiff") is a resident of the state of South

Dakota, and was formerly an employee of the Defendant.  At all times relevant, the Plaintiff was

working in Wyoming and worked in the Defendant's bentonite plant in East Colony, Wyoming

near the South Dakota Border.

3.      ACC is a company organized in Delaware duly authorized to conduct business in

the state of Wyoming.  ACC conducts operations throughout the United States including its

bentonite plant in East Colony, Wyoming where the Plaintiff was employed.

**JURISDICTION**

4.      This Court has jurisdiction over this matter, as the causes of action arose under

the laws of the United States of America and the state of Wyoming. As the acts complained of

herein were and are now being committed within the state of Wyoming, this Court has

jurisdiction over any contract or the common law claim.

5.      At the filing of this lawsuit, the Plaintiff has accomplished all conditions

precedent to bringing this litigation which includes the filing of a claim with the Equal

Employment Opportunity Commission ("EEOC") and the filing of this action in a timely manner

thereafter. Plaintiff has received a Right to Sue Letter and a Determination by the EEOC. See

attached.

**GENERAL FACTUAL ALLEGATIONS**

6.     The Plaintiff, Mr. Mitchell, began working for the Defendant or Defendant's predecessor entities in May of 1971 and worked continuously for the Defendant for over forty years until his termination June 10th, 2013.[1]

7.     The Defendant stated at the time and continues to maintain that Plaintiff was terminated for a single violation of the company's policy.  The policy in question requires employees to fill out a physical paper checklist prior to operating certain mobile equipment. Plaintiff was unlawfully terminated on June 10, 2013.

8.     Plaintiff, on June 7, 2013, was assigned the task of training two employees on how to operate two different vehicles (a "wagon" and a tractor).  Although assigned, Plaintiff had not been trained on the vehicles.  It is undisputed that the Plaintiff followed the required procedures in training the individuals and that the checklist was fully performed on both vehicles during the training.  The Plaintiff also stressed the importance of safety with the two trainees as was observed by his supervisor, Wade Wood who congratulated the Plaintiff on a job well done for the training.[2]

9.     It is also undisputed that the Plaintiff did not fill out a physical paper checklist.

10.     In the Plaintiff's forty plus years of service to ACC he never received a single warning, verbal or written, until his termination.

11.     There is some dispute regarding the necessity of filling out a physical checklist during the training of other employees.  It is Plaintiff's position that the physical checklist need

---

[1] Plaintiff requested and received unemployment compensation though the company objected.
[2] As a mechanic, Plaintiff has performed an inspection on the vehicles earlier in the day but it is the operator's responsibility to complete and sign the checklist.  It is called an "operator's checklist".

not be filled in as the vehicles are not being put into operation, but rather only used for training purposes.

12.     On information and belief, The Plaintiff is the only employee of ACC to ever be terminated for failing to fill out a physical copy of the checklist during a training.

13.     The loss of position and later his employment had a devastating effect on the Plaintiff and his family.  Without work, the Plaintiff could not afford to maintain the high cost of medical insurance. As the Plaintiff lost his employment, he lost income in benefits that he had worked to secure.  He and his family members were aggrieved by the unlawful action, particularly as a family member needed medical care.

14.     As a result of the Defendant's unlawful and discriminatory action as set forth above, Plaintiff has suffered a loss of earnings, front pay, back pay, fringe benefits, prejudgment interest, mental anguish and emotional distress, and other damages and liquidated damages properly to be awarded in accordance with the Age Discrimination and Employment Act, the Americans with Disabilities Acts as well as other state and common law actions.  As the action was willful, Plaintiff is entitled to exemplary, in addition to compensatory damages, his expenses and attorneys' fees which are available to prevailing parties in accordance with the law.

15.     The Plaintiff timely filed an administrative charge asserting discrimination based on age and disability which was received by the Wyoming Department of Employment, Fair Employment Program. Further, the EEOC issued a Right to Sue letter on January 5, 2016 allowing the filing of this action – which was timely filed.

4

## CLAIM I

### Violation of the Age Discrimination and Employment Act (ADEA)

16.     Plaintiff incorporates and realleges each and every preceding allegation as if fully set forth herein.

17.     Plaintiff is entitled to the protections of the ADEA as he is over the age of forty years the Defendant is an employer as defined by the Act. The Defendant's action in discriminating and retaliating against the Plaintiff in terminating him from his employment he held for 42 years constitutes continuing discrimination in violation of the Act.

18.     The Defendant's discrimination against the Plaintiff was willful and was aggravated by terminating his employment

19.     As a result of the unlawful discrimination in violation of the ADEA, Plaintiff has suffered lost wages (front and back pay), bonuses and benefits, including retirement benefits, prejudgment interest and expenses, compensatory damages and attorneys' fees.

## CLAIM II

### Violation of the Americans with Disabilities Act (ADA)

20.     Plaintiff incorporates and realleges each and every preceding allegation as if fully set forth herein.

21.     Plaintiff was discriminated against in violation of the Americans with Disabilities Act in that the Defendant discriminated against the Plaintiff because of a disability or perceived disability of a family member and discriminated against him for a perceived disability and the costs associated with it. Defendant ultimately discharged Plaintiff because of his disability or perceived disability in contravention of the Act.

22.     As a direct and approximate cause of the Defendant's unlawful and

discriminatory action, Plaintiff has lost wages, both past and present, as well as benefits

associated with his employment and will continue to lose such wages and benefits in the future.

## CLAIM III

### Breach of the Implied Covenant of Good Faith and Fair Dealing

23.     Plaintiff incorporates and realleges each and every preceding allegation as if fully

set forth herein.

24.     Plaintiff was employed by the Defendant for forty-two years. He worked multiple

different jobs including as a trainer.   The Plaintiff provided faithful and dedicated service.

25.     Plaintiff's relationship as an employee with the Defendant was one based on trust

and reliance on the part of the Plaintiff.

26.     Federal and state law protects the Plaintiff's employment from discrimination in

employment based on such factors as age, gender and disability.

27.     Given the Plaintiff's age, and family circumstances it was critical that he remain

employed and able to receive continuing medical coverage.  Notwithstanding the Defendant's

knowledge of this, it breached its duty of good faith and fair dealing by illegally terminating the

Plaintiff's employment and foreclosing his ability to obtain insurance and provide for his family.

28.     By information and belief, as a result of the Defendant's breach of the implied

covenant of good faith and fair dealing, Plaintiff has suffered compensatory damages including

emotional distress, loss of enjoyment of life, stress, as well as punitive damages.

## CLAIM IV

### Breach of Contract, both Express and Implied

26.     Plaintiff incorporates and realleges each and every preceding allegation as if fully

set forth herein.

27.     At the time the Plaintiff was employed by Defendant, the Parties entered into an employment contract of indefinite duration under which the Plaintiff agreed to work for the Defendant in return for compensation, further that he would be employed in so far as he met the expectations of the company.

28.     At the time the Parties entered into the contract, by information and belief, the Plaintiff was subject to policies which provided that the Defendant would discipline employees and discharge them for good cause in accordance with the discharge procedures set forth in the policy manual.  The policy manual provided that the Defendant would abide by federal and state law and particularly those laws relating to the ADEA

29.     Plaintiff was aware of the Defendant's policies as set forth in the policies as well as verbally represented to him and continued to work for the Defendant in reliance on the Defendant's promises concerning appropriate and fair treatment in promotions, job selection and security.

30.     Notwithstanding the verbal and express provisions as promised to the Plaintiff, the Defendant breached the provisions of the employment agreement in terminating the Plaintiff's employment and a failing to abide by federal and state law and then, on information and belief, replacing Plaintiff with an employee substantially younger, all of which constitute a breach of the employment contract.

31.     As a result of the Defendant's wrongful treatment and discharge of the Plaintiff and breach of the employment contract, Plaintiff has lost earnings and incurred expenses due to the breach.

7

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays of this Court as follows:

1.      For judgment against Defendant in favor of Plaintiff sufficient to compensate him for injuries caused by the unlawful actions of the Defendant;

2.      For past wages, front pay, back pay, benefits, emotional distress, mental anguish, loss of enjoyment of life, prejudgment interest and expenses, compensatory and punitive or exemplary damages due to the Defendant's interference with Plaintiff's constitutional and civil rights as guaranteed by the Constitution of the United States of America and state of Wyoming.

3.      For Plaintiff's costs and reasonable attorneys' fees incurred herein pursuant to federal law; and

4.      For such other and further relief as the Court deems just and equitable in the premises.

DATED this 1st day of April, 2016.

Bruce S. Asay W.S.B. 5-1739
Greg B. Asay W.S.B. 7-5032
Associated Legal Group, LLC
1807 Capitol Avenue, Suite 203
Cheyenne   WY   82001
Telephone:  (307) 632-2888
Facsimile:   (307) 632-2828

## <u>ACKNOWLEDGEMENT</u>

I, Kenneth L. Mitchell, have reviewed the foregoing complaint and aver that the facts and statements contained herein are true and correct to the best of my knowledge and belief.

Pursuant to W.S. §1-2-104, I certify under the penalty of false swearing that the foregoing is true and correct.

_Kenneth L. Mitchell_  4-1-2016
Kenneth L. Mitchell

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:   Kenneth L. Mitchell<br>826 State Street<br>Belle Fourche, SD 57717 | From:   Denver Field Office<br>303 East 17th Avenue<br>Suite 410<br>Denver, CO 80203 |

☐   *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 32K-2014-00036 | **Philip Gross,**<br>**Supervisory Investigator** | **(303) 866-1318** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*                                    **JAN 0 5 2016**

John C. Lowrie,
**Director**                                     *(Date Mailed)*

Enclosures(s)

cc:   **AMERICAN COLLOID COMPANY**
West Highway 212
Alva, WY 82711

Bruce S. Asay, Esq.
**ASSOCIATED LEGAL GROUP**
1807 Capitol Avenue, Suite 203
Cheyenne, WY 82001